## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

RUSSELL L. EBERSOLE         :
    Plaintiff                :
v                           :        Civil Action No. CCB-08-2103
R. COSGROVE                 :
    Defendant                :

o0o

### MEMORANDUM

Pending is defendant's motion to dismiss or for summary judgment, and plaintiff's motion for summary judgment. Papers No. 7 and 9. The parties have filed oppositions to the motions. Paper No. 10, 15,[1] and 17. Upon review of the papers filed, the court finds a hearing in this matter unnecessary. *See* Local Rule 105.6 (D. Md. 2008).

### Background

Plaintiff alleges defendant searched his locker and improperly confiscated legal documents, causing him to lose access to legal materials which were "relevant to [plaintiff's] legal theories, preparation materials and case files." Paper No. 1. He claims this was a violation of his First Amendment Right to access the courts. He further claims defendant destroyed a significant portion of the documents and returned the remaining documents to him via internal mail in order to cover up his wrongful conduct.

Plaintiff claims he was subsequently wrongfully accused by defendant of stealing a government-owned book. He claims defendant was shouting at him about the book and when he asked to see it, defendant threw the book at him striking him in the chest. Plaintiff claims this exchange was a violation of his Fifth Amendment right to due process and his Eighth Amendment right to be free from cruel and unusual punishment.

---

[1] Plaintiff styles his opposition as a motion to dismiss defendant's motion to dismiss.

**Non-Dispositive Matters**

Plaintiff's motion for summary judgment seeks summary judgment in his favor because defendant has not cooperated with plaintiff's efforts to conduct discovery. Paper No. 9. As an alternative to summary judgment plaintiff seeks a scheduling order requiring discovery. *Id*. The motion does not state a basis for summary judgment. Discovery is not required until a scheduling order is issued or the parties otherwise agree. *See* Local Rule 104.4 (D. Md. 2008). There is no requirement that a party to an action agree to engage in discovery absent a scheduling order. Moreover defendant attached relevant documents to the response to plaintiff's motion for summary judgment. Given the lack of merit in any of the claims, the court sees no reason to require defendant to engage in discovery. Thus the motion shall be denied.

Plaintiff also seeks default judgment because the responsive pleading was not filed in a timely manner. Paper No.10 and 17. Although the court directed counsel to address the timeliness of the response, he failed to do so. Paper No. 15. Notwithstanding counsel's failure to respond, plaintiff is not entitled to default judgment. Under F. R. Civ. Proc. 55(d) a default judgment may not be entered against the United States unless the claimant establishes a claim or right to relief by evidence satisfactory to the court. Plaintiff has failed to establish a right to relief, therefore, the motion for default shall be denied.

**Standard of Review**

Fed. R. Civ. P. 56(c) provides that:

> [Summary judgment] shall be rendered forthwith if the pleadings,
> depositions, answers to interrogatories, and admissions on file,
> together with the affidavits, if any, show that there is no genuine
> issue as to any material fact and that the moving party is entitled to
> a judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will

defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc.*, 477 U. S. 242, 247-48 (1986) (emphasis in original).

"A party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alternation in original) (quoting Fed. R. Civ. P. 56(e)).  The court should "view the evidence in the light most favorable to...the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002).  The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial."  *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

**Analysis**

Access to Courts

Prisoners have a constitutionally protected right of access to the courts.  *Bounds v. Smith*, 430 U. S. 817, 821 (1977).  However:

> *Bounds* does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims.  The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement.  Impairment of any *other* litigating capacity is simply one of the incidental (and

>perfectly constitutional) consequences of conviction and
>incarceration.

*Lewis v. Casey*, 518 U. S. 343, 355 (1996).

"Ultimately, a prisoner wishing to establish an unconstitutional burden on his right of access to the courts must show actual injury to the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts." *O'Dell v. Netherland*, 112 F. 3d 773, 776 (4th Cir. 1997) (internal quotation marks omitted). "The requirement that an inmate alleging a violation of *Bounds* must show actual injury derives ultimately from the doctrine of standing, a constitutional principle that prevents courts of law from undertaking tasks assigned to the political branches." *Lewis*, 518 U.S. at 349.

Plaintiff has alleged the deprivation of his legal materials adversely affected his ability to litigate two cases which were pending in this court. Paper No. 17 at p. 2. The two cases were civil action CCB-06-2219 and CCB-06-2726.[2] Civil action CCB-06-2219 was an action under the Freedom of Information Act and was dismissed on summary judgment on September 24, 2007, after being fully briefed by both parties. Plaintiff noted an appeal on November 8, 2007, which was dismissed for failure to prosecute on April 22, 2008. *See* Civil Action CCB-06-2219 at Papers No. 54 and 55; *see also Ebersole v. United States*, No. 07-2200 (4th Cir. 2008). Civil action CCB-06-2726 was dismissed on summary judgment on October 30, 2007, after being fully briefed by both parties. Plaintiff noted an appeal on November 8, 2007, which was also dimissed for failure to prosecute on May 13, 2008. *See* Civil Action CCB-06-2726 at Papers No. 40 and 41; *see also Ebersole v. Mukasey*, No. 07-7770 (4th Cir. 2008). Plaintiff alleges his legal material was confiscated on March 15, 2007, while the two cases were still pending before this court. Neither of the cases noted by plaintiff was adversely affected by the confiscation of his

---

[2] Plaintiff mistakenly notes the case number as CCB-06-2627.

legal documents; plaintiff's ability to litigate his cases was unencumbered by the alleged attempt to deny access to courts. Where there is no actual injury there is no constitutional claim. Defendant is entitled to summary judgment.

## Due Process Claim

In the case of lost or stolen property, sufficient due process is afforded to a prisoner if he has access to an adequate post-deprivation remedy. *See Parratt v. Taylor*, 451 U. S. 527, 542-44 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U. S. 327 (1986). To the extent that plaintiff seeks to recover damages for the loss of his property, the claim must fail. Even if the court assumes the confiscation of legal papers from plaintiff was intentional, there is evidence that the property was returned to plaintiff as a result of his administrative complaint. Paper No. 7 at Ex. 1, Attachment B, p. 5. Moreover there is no evidence that plaintiff's access to courts was hampered by the temporary deprivation of his papers.

## Eighth Amendment Claim

Whether force used by prison officials was excessive is determined by inquiring if "force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U. S. 1, 6-7 (1992). This court must look at the need for application of force; the relationship between that need and the amount of force applied; the extent of the injury inflicted; the extent of the threat to the safety of staff and inmates as reasonably perceived by prison officials; and any efforts made to temper the severity of the response. *Whitley v. Albers*, 475 U. S. 312, 321 (1986). If the injuries sustained as a result of the alleged excessive force is *de minimis*, the plaintiff cannot prevail on an 8th Amendment claim, unless extraordinary circumstances are present. *See Norman v. Taylor*, 25 F.3d1259, 1263 (4th Cir. 1994). "Extraordinary circumstances are present when the force used is of a sort repugnant

to the conscience of mankind or the pain itself is such that it can properly be said to constitute more than de minimis injury." *Taylor v. McDuffie*, 155 F. 3d 479, 483 (4th Cir. 1998) (internal quotation marks and alterations omitted); *see also Riley v. Dorton*, 115 F. 3d 1159, 1166 (4th Cir. 1997) (record must support a finding that plaintiff sustained more than de minimis injury).

Plaintiff claims defendant confronted him about possessing a book belonging to the institutional library. He states defendant lost his temper and yelled at him, until plaintiff told defendant to read the inside cover of the book. The book had been mistakenly stamped with the institutional library stamp because it had become mixed up with other books, but was actually plaintiff's book. Plaintiff claims that defendant became incensed and threw the book at him, striking him in the chest. He further intimates that the strike to his chest caused his later heart issues.

Defendant does not deny erroneously confiscating plaintiff's book. Paper No. 7 at Ex. 2. He claims when he realized the book belonged to plaintiff he returned it to him, but did not throw the book at him. Dr. Moubarek who worked at FCI-Cumberland during plaintiff's incarceration, provides that even if the book had been thrown at plaintiff and it struck him in the chest as he claims it would not have caused or exacerbated his pre-existing heart condition. *Id*. at Ex. 3. Assuming the book was thrown at plaintiff, he has failed to show it caused more than a de minimis injury. Accordingly, defendant is entitled to summary judgment on the Eighth Amendment claim.

A separate order follows.

<p style="display:flex">  July 29, 2009                                                                                                                                                                         /s/_____</p>

Date                                                          Catherine C. Blake
United States District Judge